**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tien Thang NGUYEN, also known as
Cody, also known as Tien Thanh
Nguyen, Defendant–Appellant.**

**No. 04–31019.**

United States Court of Appeals,
Fifth Circuit.

Decided March 13, 2006.

Michael W. Magner, Assistant U.S. Attorney, William P. Gibbens, U.S. Attorney's Office Eastern District of Louisiana, New Orleans, LA, for Plaintiff–Appellee.

Harold P. Ducloux, III, New Orleans, LA, for Defendant–Appellant.

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM: *

The judgment of the district court is affirmed except with respect to the order to pay restitution.

It is clear that the district court has the authority to order, as a condition of supervised release, that the defendant pay unpaid restitution ordered as a part of a sentence imposed by another court. *See United States v. Love,* 431 F.3d 477 (5th Cir.2005) (relying on the "catch-all" provision of 18 U.S.C. § 3583(d) allowing "any other condition [the district court] considers appropriate"). This discretionary authority does not, however, allow the district court to alter the restitution order of that other court, or to make a separate and independent order of restitution. *See Love,* 431 F.3d at 482–83 (noting that critical to its holding was the fact that the district court had not made a separate order of restitution but merely ordered Love to pay previously ordered restitution).

The order of restitution is therefore vacated, and the case is remanded to allow the district court to conform its order with the state court order of restitution. All other conditions of the supervised release and all other terms of the judgment are affirmed.

AFFIRMED in part, VACATED in part, and REMANDED.

---

\* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.